**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Hon. Cari Fais |
| v. | : | |
| | : | Mag. No. 26-9086 |
| MARCUS PHILIP CONCEICAO | : | |

---

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION REGARDING THE DEPARTMENT OF JUSTICE'S EXTRAJUDICIAL STATEMENTS ABOUT THIS CASE**

---

ROBERT FRAZER
United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

On the Brief:

Mark Coyne
Isen Kang
Assistant U.S. Attorneys

**TABLE OF CONTENTS**


PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 1

ARGUMENT ........ 3

I. The Relief Conceicao Seeks is Unnecessary. ........ 3

II. The Current Posts Do Not Violate Any of the Rules Conceicao Cites. ........ 4

A. The Current Posts Comply with Local Criminal Rule 101.1, RPC 3.8(f), and 28 C.F.R. § 50.2. ........ 4

B. Conceicao's Reliance on 28 C.F.R. § 50.2 Fails Independently. ........ 6

C. Conceicao Has Not Shown a Substantial Likelihood of Prejudice. ........ 7

D. Conceicao's Concerns About Future Prejudice is Premature. ........ 8

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

***Cases*** **Page(s)**

*Hatfill v. Ashcroft,*
404 F. Supp. 2d 104 (D.D.C. 2005) ........ 6

*Nebraska Press Ass'n v. Stuart,*
427 U.S. 539 (1976) ........ 9

*Patton v. Yount,*
467 U.S. 1025 (1984) ........ 9

*Skilling v. United States,*
561 U.S. 358 (2010) ........ 9

*United States v. Howard,*
No. 12-1, 2014 U.S. Dist. LEXIS 73266 (E.D. La. May 29, 2014) ........ 6

*United States v. Parrish,*
No. CR420-124-17, 2022 U.S. Dist. LEXIS 38707 (S.D. Ga. Mar. 4, 2022) ........ 6

*United States v. Perez,*
No. 6:17-35(S), 2017 U.S. Dist. LEXIS 171992 (S.D. Tex. Oct. 18, 2017) ........ 6

*United States v. Tsarnaev,*
595 U.S. 302 (2022) ........ 9

***Statutes***

18 U.S.C. § 111(a)(1) ........ 1

***Rules and Regulations***

28 C.F.R. § 50.2 ........ *passim*

28 C.F.R. § 50.2(a) ........ 6

28 C.F.R. § 50.2(b)(3)(ii) ........ 5

28 C.F.R. § 50.2(b)(3)(iv) ........ 5

28 C.F.R. § 50.2(b)(6)(i) ........ 7

28 C.F.R. § 50.2(b)(7) ........ 7

D.N.J. Crim. R.101.1 ........ 2, 6

D.N.J. Crim. R.101.1(a) .......... 7

D.N.J. Crim. R.101.1(c)(1) .......... 5

D.N.J. Crim. R.101.1(c)(2) .......... 5

N.J. Rules Prof'l Conduct R. 3.6 .......... 6

N.J. Rules Prof'l Conduct R. 3.6(a) .......... 7

N.J. Rules Prof'l Conduct R. 3.8(f) .......... *passim*

## PRELIMINARY STATEMENT

The Government opposes defendant Marcus Philip Conceicao's motion to limit pretrial publicity (the "Motion" or "Mot."). *See* Dkt. No. 9.

Conceicao asks the Court to order the Department of Justice to remove social media posts about this case, prevent DOJ personnel and related law enforcement agencies from making similar public statements while the case is pending, direct those agencies to avoid disseminating similar statements or photographs, and require the Government to file a status report confirming that those steps have been taken. Mot. at 7. Although the Motion principally challenges only the phrase, "anti-ICE rioter" and the photographs in the posts, *id.* at 1–2, 6, it seeks removal of "all" posts in their entirety, *id.* at 7.

The Motion should be denied. After Conceicao filed the Motion, DOJ revised the social media posts at issue, including to remove the reference to an "anti-ICE rioter." The relief Conceicao seeks is thus unnecessary. The current posts also do not violate any of the rules Conceicao cites. And Conceicao has not shown that the posts are substantially likely to prejudice these proceedings.

## BACKGROUND

On May 29, 2026, the Government charged Conceicao by complaint with simple assault of a federal officer, in violation of 18 U.S.C. § 111(a)(1). *See* Dkt. No. 1 ("Complaint" or "Compl."). The Complaint alleges that, on May 26, 2026, during a demonstration outside the Delaney Hall Detention Facility, Conceicao used an umbrella to "push away" U.S. Immigration Customs and Enforcement ("ICE") officers

before he "stepped backward, aimed, and intentionally threw the umbrella in a spear-like motion in the direction of the ICE officers," striking one of them. Compl. ¶¶ 1, 4.

Three days later, DOJ announced the charges in substantively identical posts on X, Facebook, and Instagram. In relevant part, the first paragraph of each post stated: "Marcus Philip Conceicao, another anti-ICE rioter outside of Delany [*sic*] Hall in New Jersey, has been federally charged with assaulting a law enforcement officer." Mot. at 2. Each post also included three photographs—taken directly from the Complaint—depicting Conceicao allegedly throwing the umbrella at law enforcement. *Compare id. with* Compl. ¶ 5.

On June 5, 2026, Conceicao filed the Motion. Conceicao argues that the posts violate Local Criminal Rule 101.1, New Jersey Rules of Professional Conduct ("RPC") 3.8(f), and 28 C.F.R. § 50.2. Mot. at 5–7. Among other things, he asks the Court to order DOJ to remove "all" social media posts about this case and prohibit DOJ and participating law enforcement agencies from making similar statements while his case is pending. *Id.* at 7.

Two weeks later, on June 19, 2026, DOJ revised the first paragraph of the Facebook and Instagram posts. *See* The United States Department of Justice (@DOJ), FACEBOOK (June 1, 2026), https://www.facebook.com/DOJ/posts/marcus-phillip-conceicao-has-been-charged-with-assaulting-a-federal-law-enforcem/1430137519151397/; U.S. Department of Justice (@thejusticedept), INSTAGRAM (June 1, 2026), https://www.instagram.com/p/DZDrxo4mobB/?hl=en. That same day, DOJ deleted the original post on X and published a revised version because the original

post could not be edited. *See* U.S. Department of Justice (@TheJusticeDept), X (June 19, 2026, at 09:30 ET), https://x.com/TheJusticeDept/status/2068083903110508881. The original and revised X posts are below. The revised Facebook and Instagram posts contain the same text and photographs.

<u>Original</u> <u>Modified</u>







After DOJ revised the posts, the Government asked defense counsel if Conceicao would withdraw the Motion in light of those changes. Conceicao declined to do so, requiring this opposition.

## ARGUMENT

### I. The Relief Conceicao Seeks is Unnecessary.

The Motion is directed principally at the posts' initial description of Conceicao as an "anti-ICE rioter." The Motion frequently returns to that phrase, including quoting it several times throughout the brief, *see* Mot. at 1–2, and argues that it violates the Court's local rules, the Rules of Professional Conduct, and DOJ's own

policies, *see id.* at 5–7. Although the Motion also challenges the photographs taken from the Complaint—which, as discussed below, likewise comply with the rules Conceicao cites—it identifies no other aspect of the posts as improper. *See id.*

Shortly after Conceicao filed the Motion, however, DOJ removed the "anti-ICE rioter" language in the posts. As the comparison above shows, *see supra* at 3, the current posts instead state that Conceicao "has been charged with assaulting a federal law enforcement officer during a protest outside of Delaney Hall in New Jersey."

The relief that Conceicao seeks is therefore unnecessary. The language that Conceicao challenges throughout the Motion no longer appears in the posts. Yet he nevertheless asks the Court to not only require DOJ to remove the posts in their entirety, but also order additional relief—including requiring DOJ to notify participating law enforcement agencies and file a status report confirming those actions. Because the language challenged throughout the Motion has already been removed, none of that relief is necessary.

## II. The Current Posts Do Not Violate Any of the Rules Conceicao Cites.

### A. The Current Posts Comply with Local Criminal Rule 101.1, RPC 3.8(f), and 28 C.F.R. § 50.2.

Local Criminal Rule 101.1 expressly permits prosecutors to state, among other things, "the general nature of a charge" and "the information contained in a public record." R. 101.1(c)(1) & (2). RPC 3.8(f) likewise permits prosecutors to make statements "necessary to inform the public of the nature and extent of the

prosecutor's action and that serve a legitimate law enforcement purpose[.]" Similarly, RPC 3.6(b)(1) & (2), which RPC 3.8(f) expressly incorporates, permits attorneys to state the "offense . . . involved" and "the information contained in a public record." And 28 C.F.R. § 50.2(b)(3)(ii) & (iv) allows DOJ personnel to release "[t]he substance or text of the charge," as well as "[t]he circumstances immediately surrounding an arrest[.]"

The current posts fall within those categories. They announce that Conceicao "has been charged with assaulting a federal law enforcement officer during a protest outside of Delaney Hall in New Jersey." *Supra* at 3. They also summarize the factual allegations in the Complaint. The posts state that Conceicao allegedly "used an umbrella to push ICE officers away" before throwing it "in a spear-like manner, striking an officer"—the same conduct alleged in the Complaint. *Supra* at 3. Moreover, the current posts do not contain the "anti-ICE rioter" language challenged throughout the Motion. The remaining text simply announces the charges, summarizes the allegations in the Complaint, and communicates DOJ's enforcement policy that assaults on federal law enforcement officers will be prosecuted. *Compare supra* at 3 *with* Compl. ¶¶ 1, 4. That is precisely the type of information that Local Criminal Rule 101.1, RPC 3.6 and 3.8(f), and 28 C.F.R. § 50.2 expressly permit.

The photographs also do not violate those rules. They are the same screenshots included in the Complaint and depict the umbrella throw underlying the charges. *See* Compl. ¶ 5. They therefore illustrate the conduct alleged in the Complaint. By

visually depicting the factual basis for the charges, they serve a legitimate law enforcement purpose.

### B. Conceicao's Reliance on 28 C.F.R. § 50.2 Fails Independently.

Conceicao's reliance on 28 C.F.R. § 50.2 is also misplaced. That regulation establishes internal DOJ policies governing the "release of [] information from by personnel of the [DOJ]" in criminal and civil proceedings. 28 C.F.R. § 50.2(a). Courts have held that the regulation "does not create enforceable rights for criminal defendants," *United States v. Parrish*, No. CR420-124-17, 2022 U.S. Dist. LEXIS 38707, at *9 (S.D. Ga. Mar. 4, 2022) (citing cases), or provide for a "private right of action for its enforcement[,]" *United States v. Perez*, No. 6:17-35(S), 2017 U.S. Dist. LEXIS 171992, at *10-11 (S.D. Tex. Oct. 18, 2017); *see United States v. Howard*, No. 12-1, 2014 U.S. Dist. LEXIS 73266, at *11 n.2 (E.D. La. May 29, 2014) (same); *see also Hatfill v. Ashcroft*, 404 F. Supp. 2d 104, 121 (D.D.C. 2005) ("Absent a clear indication of congressional intent to create a private right of action for the enforcement of [28 C.F.R. § 50.2], the Court cannot impose one.").

In any event, the current posts comply with this regulation. For instance, § 50.2(b)(6)(i) cautions against making "[o]bservations about a defendant's character." 28 C.F.R. § 50.2(b)(6)(i). But the current posts contain no such observations. Instead, as discussed above, they state that Conceicao has been charged with assaulting a federal law enforcement officer during a protest outside Delaney Hall and summarize the allegations contained in the Complaint. *See supra* at 3.

Likewise, § 50.2(b)(7) provides that DOJ personnel "should not make available photographs of a defendant unless a law enforcement function is served thereby." 28 C.F.R. § 50.2(b)(7). That is what happened here. The photographs are the same images in the Complaint. They illustrate the factual allegations supporting the charged offense by providing a visual depiction of the conduct alleged. In addition, the photographs do not meaningfully identify Conceicao. They do not show Conceicao's face or other readily identifiable physical characteristics. No reasonable viewer could identify him using the photographs alone.

**C. Conceicao Has Not Shown a Substantial Likelihood of Prejudice.**

Local Criminal Rule 101.1(a) prohibits extrajudicial statements having a "*substantial* likelihood of causing material prejudice to an adjudicative proceeding." (Emphasis added). RPC 3.6(a) similarly prohibits statements having a "*substantial* likelihood of materially prejudicing an adjudicative proceeding." (Emphasis added). And RPC 3.8(f) prohibits prosecutors from making comments having a "*substantial* likelihood of heightening public condemnation of the accused[.]" (Emphasis added). Although these rules articulate the standard somewhat differently, they each require Conceicao to show a *substantial* likelihood that the challenged statements will prejudice these proceedings.

Conceicao has not made that showing. The Motion rests primarily on anonymous comments posted by unidentified users responding to DOJ's original June 1, 2026 post on X. Yet Conceicao offers no evidence that any of those users reside in

this District, are members of any prospective grand or petit jury, or otherwise have any connection to these proceedings. Nor does he provide any evidence that those comments have affected—or are likely to affect—either the grand jury or the selection of an impartial trial jury. Instead, Conceicao simply asks the Court to infer a substantial likelihood of prejudice from a handful of anonymous comments posted by unidentified users on social media. The Court should not accept that invitation.

More fundamentally, Conceicao cites no authority holding that a handful of anonymous comments on the internet, standing alone, establishes a substantial likelihood of prejudice under any of the rules he invokes. Nor can he. If he did, virtually every criminal prosecution receiving a modicum of public attention would warrant judicial intervention. But that is not what the rules Conceicao cites require. They demand far more.

Conceicao's argument also is directed almost entirely at language that no longer exists. As discussed above, the Motion repeatedly quotes and challenges the posts' description of Conceicao as an "anti-ICE rioter." Mot. at 1–2, 6. But DOJ removed that language shortly after Conceicao filed the Motion. *See supra* at 3. Conceicao offers no evidence that the current posts—or the short time the original posts remained online—have generated any prejudice in this District, let alone a substantial likelihood of prejudice.

**D. Conceicao's Concerns About Future Prejudice is Premature.**

Finally, Conceicao's concerns about future prejudice are also premature. No trial has been scheduled in this case. Nor has a jury been selected. And even if this

case ultimately proceeds to trial, the Supreme Court has long recognized that "pretrial publicity—even pervasive, adverse publicity—does not inevitably lead to an unfair trial." *Skilling v. United States*, 561 U.S. 358, 361 (2010) (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 554 (1976)).

That is because "[t]he right to an impartial jury does not require *ignorance*." *United States v. Tsarnaev*, 595 U.S. 302, 312 (2022) (cleaned up); *see id.* at 312–17 (reinstating the Boston Marathon bomber's death sentence because the trial court took sufficient measures to screen potential jurors for bias in the face of massive pretrial publicity). Moreover, trial courts have many tools to address any legitimate concerns regarding pretrial publicity, including "extensive screening questionnaire[s] and follow-up *voir dire*[.]" *Skilling*, 561 U.S. at 384. The Motion offers no basis to believe that these tools would not be effective here.

Likewise, the passage of time can substantially diminish the effects of pretrial publicity. *See Patton v. Yount*, 467 U.S. 1025, 1031–36 (1984) (explaining that the passage of time and *voir dire* mitigated the effects of pretrial publicity). That is especially true here. The Government has only filed a criminal complaint. No indictment has been returned, and trial has yet to be scheduled. If this case ultimately proceeds to trial, substantial time will have passed between the posts and the selection of a jury. And if concerns about pretrial publicity do arise, the trial court can address them through *voir dire*. The Motion thus asks the Court to solve a problem that may never arise. The Court should not engage in that type of speculation.

## CONCLUSION

The Motion should be denied in its entirety.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

MARK COYNE
Assistant United States Attorney

By: ______________________________
ISEN KANG
Assistant United States Attorney

Dated: July 14, 2026
Newark, New Jersey